Leonard St. John v. The College of Physicians and Surgeons of Chicago and S. B. Buckmaster.

1. COLLEGE OF PHYSICIANS—*Construction of By-Law.*—A by-law of a college, providing that the stock of a teacher leaving the college shall be purchased and held for the use of his successor before the vacant chair shall be occupied by another teacher, providing the previous teacher is willing to sell his stock, refers only to the stock of the outgoing teacher, and the purchase of it is contingent upon his willingness to sell. A person holding stock for his use is not within the by-law.

Memorandum.—Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

St. John & Pattison, attorneys for appellant.

Gurley & Wood, attorneys for appellees.

Mr. Justice Gary delivered the opinion of the Court.

The bill filed by the appellant alleges that he owns ten of the three hundred shares of $100 each, into which the stock of the college is divided.

That the by-laws provide that no one shall fill a chair as professor in the college without twenty shares having been procured for his use; and that the stock of any such teacher leaving the college shall be purchased and held for the use of his successor before the vacant chair shall be occupied by any teacher, provided the previous teacher is willing to sell his stock.

That one Benson was elected or appointed to a chair, and acquired ten shares from his predecessor, and the appellant acquired from that predecessor his other ten shares, and held them for the use of Benson while Benson occupied the chair. That Benson left the college, and the college, without notice to or consent of the appellant, did appoint or elect one Buckmaster to the chair, neither he nor the college buying the ten shares held by the appellant, although he has demanded that it should be bought from him.

At the hearing the appellant desired by an amendment to insert some loose charges of "in fraud of," etc.; also allegations that the appellant bought the stock relying upon the by-law, believing that when Benson vacated, his successor or the college, would be legally bound to take the stock of the appellant, and that if an injunction is not granted to him restraining Buckmaster from teaching from the chair and the college from appointing another thereto, the shares of the appellant will become greatly depreciated and worthless in the hands of any other than those persons connected with the college. How that consequence was to follow was not stated, but in the view we take of the case it is not material. The Circuit Court refused to permit the amendment.

The by-law as stated in the appellant's abstract is—"and the stock of any such teacher leaving the school or college

shall be purchased and held for the use of his successor before the vacant chair shall be occupied by any teacher, provided the previous teacher is willing to sell his stock."

The letter of the by-law refers only to stock of the outgoing teacher, and the purchase of it is contingent upon his willingness to sell. Anybody holding stock for his use is not within the by-law. Upon this single ground without considering the many questions raised by counsel, the decree of the Circuit Court sustaining a demurrer to, and dismissing the bill, is affirmed.